This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40164**

**MARLENE SANCHEZ,**

Plaintiff-Appellant

v.

**UNITED DEBT COUNSELORS, LLC,
and LORRAINE S. ALIRES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Denise Barela Shepherd, District Judge**

Feferman, Warren & Mattison
Nicholas H. Mattison
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Jennifer G. Anderson
Spencer L. Edelman
Tomas J. Garcia
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff appeals from the district court's order compelling arbitration on all claims. We issued a notice of proposed disposition in which we proposed to summarily affirm. Plaintiff filed a memorandum in opposition and Defendants filed a memorandum in support, both of which we have duly considered. We affirm.

**{2}** In her memorandum in opposition, Plaintiff continues to assert that she raised a "specific challenge" to the delegation clause by showing that it "is specifically unconscionable and unenforceable for exactly the same reason as the arbitration agreement as a whole." [MIO 8] We recently confirmed that arguments of this nature do not constitute a specific challenge to the delegation clause. *See Juarez v. THI of N.M. at Sunset Villa*, 2022-NMCA-056, ¶ 38, 517 P.3d 918 (concluding that the plaintiff's challenge to the delegation clause on the same grounds as her challenge to the agreement as a whole was not a specific challenge). We also note that Plaintiff's memorandum claims she "will not be permitted to obtain attorney[] fees and costs for the time her attorney spends litigating the delegated threshold issues before the arbitrator." [MIO 12-16] However, the merits of Plaintiff's unconscionability challenge have not yet been decided, she will have an opportunity to raise this matter before an arbitrator, and Plaintiff has identified no specific reason why it is unconscionable for an arbitrator, rather than a court, to resolve this threshold issue.

**{3}** Plaintiff has not otherwise convinced us that our initial proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order compelling arbitration.

**{4}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**